IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION, in its capacity as Receiver for Rocket Ventures II SMIC, L.P., | No. C 10-04425 JSW |
| Plaintiff, | |
| v. | **ORDER REGARDING MOTION TO DISMISS** |
| ROCKET VENTURES II, L.P., et al., | |
| Defendants. | |

Now before the Court is the motion to dismiss the first amended complaint ("FAC") for lack of personal jurisdiction, insufficient service of process, and forum non conveniens filed by Defendants Jean-Claude Guez ("Guez"), Michele Liberato ("Liberato"), Yves Derville ("Derville"), Phillippe Gire ("Gire"), Michel Roujansky ("Roujansky"), Michel Saunier ("Saunier"), and Patrice Vinet ("Vinet") (collectively referred to as "Defendants"). Having considered the parties' papers[1] and relevant legal authority, for the reasons set forth in this Order, the Court denies the motion to dismiss with respect to all of the Defendants except Liberato and reserves ruling with respect to Liberato.

**BACKGROUND**

Defendants are citizens of, and reside in, France and Italy. (FAC, ¶¶ 13, 16, 17, 23, 31, 33, and 34.) Defendants each signed a Subscription Agreement for, and thus became Limited

---

[1] The Court notes that the French and Italian Defendants did not file their Reply within the deadline set by Northern District Civil Local Rule 7-3(c). Nevertheless, the Court has considered the Reply despite this lapse. The French and Italian Defendants are admonished to comply with the Local Rules and this Court's Standing Orders. Future violations will be sanctioned.

1  Partners in, Defendant Rocket Ventures L.P. II ("RVII") f/k/a Greenfield Technology Ventures
2  II, L.P. (*Id.*, ¶¶ 137, 207, 221, 305, 417, 445, 459.) At least six of the Defendants also signed a
3  document entitled Consent of Limited Partners of Rocket Ventures II, L.P. ("Consent"), through
4  which they consented to the formation of the SBIC subsidiary Rocket Ventures II SBIC, L.P.
5  Additionally, at least six of the Defendants each signed a document appointing Rocket
6  Management LLC, and its principals, located in Menlo Park, CA, as his agent of process.
7  (Declaration of Richard Moser ("Moser Decl."), Exs. C-H.)

## ANALYSIS

### A.  Legal Standards for Dismissal for Lack of Personal Jurisdiction

A defendant may move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The Court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss .... That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court rules on a jurisdictional issue based on affidavits and without holding an evidentiary hearing, the plaintiff need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*

*v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 9th Cir. 1996)). Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980).

Whether a party's contacts with the forum are sufficient to permit the state to exercise jurisdiction depends upon the facts of each case. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). Here, Plaintiffs argue that the Court should exercise specific jurisdiction over the French and Italian Defendants. (Opposition to Motion to Dismiss ("Opp.") at 5.) For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *See Data Disc*, 557 F.2d at 1287; *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("in judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotations and citation omitted).

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of those prongs, personal

3

1 jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted). The Ninth Circuit has noted that the "purposeful availment prong, "[d]espite its label ... includes both purposeful availment and purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

"'Purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). The mere existence of a contract with a party in the forum state does not alone constitute sufficient minimum contacts for jurisdiction. *See Burger King*, 471 U.S. at 478. "Instead, the Court must look to 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are 'substantial' and not merely 'random, fortuitous, or attenuated.'" *Sher*, 91 F.2d at 1362 (citing *Burger King*, 471 U.S. at 479). Thus where the defendant 'deliberately' has engaged in significant activities" within a forum, "or has created 'continuing obligations' between himself and residents of that forum, he manifestly has availed himself of the privileges of conducting business there." *Burger King*, 471 U.S. at 475-76 (internal quotations and citations omitted). In such a situation, because the defendant's "activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id*. at 476 (internal quotations and citations omitted).

**B.    Defendants' Motion to Dismiss Based on Lack of Personal Jurisdiction.**

Defendants argue that this Court lacks personal jurisdiction over them. (Motion at 4.) United States Small Business Administration ("SBA"), in its capacity as Receiver for Rocket

4

Ventures II SBIC, L.P. ("Plaintiff") counters that the Court may exercise specific jurisdiction over them.

As noted above, a finding of specific personal jurisdiction requires: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. Further, "where the defendant deliberately has engaged in significant activities" within a forum, "or has created continuing obligations between himself and residents of that forum, he manifestly has availed himself of the privileges of conducting business there." *Burger King*, 471 U.S. at 475-76 (internal quotations and citations omitted). Finally, a choice of law provision may be considered in deciding "whether a defendant has purposefully invoked the benefits and protections of a State's laws for jurisdictional purposes." *Id*. at 482. "Although such a provision standing alone would be insufficient to confer jurisdiction," it may "reinforce [the defendant's] deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Id*.

Defendants each signed a contract that establish this Court's specific jurisdiction over them. It is undisputed that each of them signed the Subscription Agreement for RVII. Through this agreement, each of the Defendants acquired a limited partnership interest in RVII and agreed to make capital contributions to be delivered via check or wire transfer, in United States dollars, to the General Partner located in Palo Alto, California. (Moser Decl., Ex.A at 1.) These money investments were to be made "at such times and in such amounts" as agreed upon for each Limited Partner. (*Id*.) The Subscription Agreement contains a choice of law provision designating California law as that governs the agreement. (*Id*. at 6.)

The Subscription Agreement easily satisfies the first two prongs of the specific jurisdiction test. Defendants each became investors in RVII, which is undisputedly located in the Northern District of California. Moreover, each of them contracted to send quantities of money, over an indefinite period of time, to a General Partner located in this district, thus creating "continuing obligations" between themselves and residents of this district. *See Burger*

5

*King*, 471 U.S. at 475-76.  Furthermore, each of these Defendants agreed to a choice of law provision designating California law as that governing their agreement with RVII, which serves to "reinforce [their] deliberate affiliation" with this district and enhances the reasonable foreseeability of possible litigation here.  *See id*. at 482.

Plaintiff's claims against Defendants arise out of these Defendants' involvement in RVII.  Therefore, Plaintiff has shown that the claims against these Defendants relates to their purposefully directed conduct in California.  Therefore, the burden shifts to Defendants to show that the assertion of personal jurisdiction would not be reasonable and fair.  The Court finds that they fail to "present a compelling case that the exercise of jurisdiction would not be reasonable." *See Menken*, 503 F.3d at 1057.  Accordingly, the Court denies the motion to dismiss based on lack of personal jurisdiction.

**C.  Service of Process.**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(5), a district court may dismiss an action based on insufficient service.  To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4").  A plaintiff bears the burden of demonstrating that service is proper.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiff has provided executed documents demonstrating that each of the Defendants, except for Liberato, appointed Rocket Management LLC and its principals, located in Menlo Park, CA, as his agent of process.  (Moser Decl., Exs. C-H.)  Defendants do not dispute the authenticity of these documents.  Nor do Defendants dispute that the agent was properly served.  Instead, they contend that the documents appointing an agent for service of process are invalid because the underlying investment contract with RVII is void based on French and Italian law.  However, Defendants do not cite to the purported law which they assert voids the underlying investment.  Even if they had, the validity of the underlying investment goes to the merits of Plaintiffs' claims, not the validity of the appointment of service.  Defendants have not proffered any law demonstrating that the documents appointing an agent for service of process are invalid or void.

6

Defendants also argue that the Court should disregard the appointments because Defendants were not provided sufficient indication of the consequences of appointing an agent in the United States or sufficient time to seek independent legal advice. Again, Defendants fail to support their contention with any law, fact, or even argument.

The defendants' contention that they did not understand the appointment document does not void the contract. "[A] party who signs a written contract 'in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them.'" *Bingham v. Holder*, 637 F.3d 1040, 1045 (9th Cir. 2011) (citing 27 Richard A. Lord, *Williston on Contracts* § 70:113 (4th ed. 2009)); *see also Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) (emphasis added) ("A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it."); *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1589 (2005) (under California law, a party is bound by a contract, even if the party failed to read or understand the terms of the agreement before signing it).

Accordingly, Defendants fail to show that they are not bound by the agreement appointing an agent for service of process and, thus, the Court denies Defendants' motion to dismiss with respect to all Defendants except Liberato.

With respect to Liberato, Plaintiff could not locate the document appointing an agent for service of process signed by him. Plaintiff states that, as a foreign investor in RVII, and then Rocket Ventures II SBIC L.P., Liberato was required to appoint a domestic agent for service of process. In light of the documents by each of the other Defendants appointing an agent, Plaintiff has no reason to believe that Liberato did not execute this document as well. Plaintiff seeks an opportunity to conduct discovery on this issue. The Court may allow discovery on this jurisdictional issue. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (citing *Urquhart v. American-La France Foamite Corp.*, 144 F.2d 542, 544 (D.C. Cir. 1944) (allowing discovery on service of process).

7

The Court finds that discovery regarding whether Liberato signed the appointment document is warranted. Therefore, the Court reserves ruling on the motion to dismiss with respect to Liberato in order to provide Plaintiff with an opportunity to conduct such discovery.

**D.    The Northern District is the Proper Forum for This Action.**

Defendants argue that this case should be dismissed from the Northern District of California on forum non conveniens grounds. (Motion at 6.) "A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981). "In dismissing an action on forum non conveniens grounds the court must examine: (1) whether an adequate forum exists, and (2) whether the balance of private and public interest factors favor dismissal." *Lueck*, 236 F.3d at 1142 (citing *Piper Aircraft Co.*, 454 U.S. at 254 n. 22). "The defendant bears the burden of proving the existence of an adequate alternative forum." *Id.* at 1143 (internal citations and quotations omitted). In cases "where the plaintiff is a United States citizen, the defendant must satisfy a heavy burden of proof." *Id.* (citing *Piper Aircraft*, 454 U.S. at 256). "[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum .... When the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 256).

Defendants have not made a sufficient showing. First, the Court notes that Defendants have not demonstrated that an alternative forum exists. Defendants argue that because they all reside in either France or Italy, the French or Italian courts are available to address Plaintiff's claims. However, Defendants have not shown that there is a court in either France or Italy that would have jurisdiction over every Defendant.

Moreover, Defendants have not satisfied the heavy burden to show that Plaintiff's choice of forum is not convenient. Notably, Defendants do not provide *any* evidence in support of their motion, but merely argue, in one paragraph that the balance of factors weighs in favor

8

of litigating in an unspecified court in Europe because Defendants' witnesses and documentary evidence of their unspecified defenses are in France and Italy and that it would be burdensome on Defendants to require them to litigate in the United States. Defendants' brief, unsupported argument, is insufficient. Accordingly, the Court denies Defendants' motion to dismiss on forum non conveniens grounds.

**CONCLUSION**

For the foregoing reasons, with the exception of the motion regarding sufficiency of service on Liberato, the Court DENIES the motion to dismiss. The Court RESERVES RULING on the motion as to Liberato on the issue of service of process. Plaintiff may conduct discovery on whether Liberato signed an appointment of service of process and shall file a supplemental brief and declaration in opposition to the motion to dismiss by no later than March 29, 2013. Liberato may file a supplemental reply by no later than April 5, 2013.

**IT IS SO ORDERED.**

Dated: January 3, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE