IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for ROCKET VENTURES II SBIC, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKET VENTURES II, L.P., et al.,<br><br>Defendants. | Case No.: C-10-04425 JSW<br><br>**REPORT AND RECOMMENDATION RE APPLICATIONS FOR DEFAULT JUDGMENT**<br><br>**Dkt. Nos. 126-133, 139-140** |

## I.    INTRODUCTION

In this breach of contract action, Plaintiff United States Small Business Administration ("SBA" or "Plaintiff"), in its capacity as Receiver for Rocket Ventures II SBIC, L.P. ("Rocket Ventures"), applies for default judgment against Defendants Alistair Anderson Donald ("Donald"), Luca Casiraghi ("Casiraghi"), Fred Cucchi ("Cucchi"), Tyna Development c/o Fiderservice SA ("Tyna"), Alberto Gandini ("Gandini"), David Mather ("Mather"), Rijete PTY, Ltd. c/o Brian Wilson ("Rijete"), ValorLife, Hahei, Ltd. c/o Allan Cockell ("Hahei"), and Christopher Stainton ("Stainton") (collectively "Defendants").[1]  Plaintiff's unopposed Motions for Default Judgment were referred to the undersigned for a Report and Recommendation.  A hearing on the motions was held on March 15, 2013 at 9:30 am.  After a continuance, a second hearing was scheduled for April 19, 2013 at 9:30 am.[2] The Court finds that the motions are appropriate for decision without additional oral argument.

---

[1] There are a number of other defendants in this action.  Plaintiff moves for default judgment only against these Defendants.

[2] The continuance was granted to provide Plaintiff an opportunity to reach a settlement with the defendants that have appeared in this action.

United States District Court<br>Northern District of California

1    Accordingly, the hearing scheduled for April 19, 2013 at 9:30 am is vacated.  For the reasons set out

2    below, the Court RECOMMENDS that the Motions for Default Judgment to be DENIED WITHOUT

3    PREJUDICE.

4    **II.      BACKGROUND**

5          **A.      The Amended Complaint**

6          Plaintiff filed its initial Complaint in this action alleging breach of contract claims against

7    Rocket Ventures II, L.P. ("RVII"), Rocket Ventures II CEO Fund, L.P. ("CEO Fund"), and Rocket

8    Ventures SBIC Partners, LLC ("SBIC Partners") on September 30, 2010.  Complaint, ¶¶ 30-47.  On

9    January 18, 2012, Plaintiff filed its Amended Complaint ("FAC").  Dkt. No. 29.  In the FAC,

10   Plaintiffs allege that RVII and CEO Fund are comprised of "Class B Limited Partners."  FAC, ¶ 7.

11   According to Plaintiff, Defendants are Class B Limited Partners of RVII, CEO Fund, or both.  *Id*. at

12   ¶¶ 15, 24-29, 32, 42-43, 47.[3]

13         Plaintiff alleges that it is authorized by statute to license Small Business Investment

14   Companies ("SBICs") to provide capital to qualified small business concerns.  *Id*. at ¶ 50.  Plaintiff

15   states that the statute authorizes it to prescribe regulations governing operations of the SBICs, which it

16   has exercised by promulgating the regulations reported in Part 107 of Title 13 of the Code of Federal

17   Regulations.  *Id*. (citing 15 U.S.C. § 687(c)).  Plaintiff alleges that it is pursuing and preserving all of

18   Rocket Ventures' claims pursuant to a Consent Order of Receivership in the "Receivership Action"[4]

19   and consistent with the governing statutes and regulations.  *Id*. at ¶ 51, Ex. A.

20         Plaintiff alleges the factual background as follows.  Rocket Ventures was formed for the

21   purpose of operating as a venture capital fund licensed as a SBIC.  *Id*. at ¶ 52.  Rocket Ventures held

22   U.S. Small Business Administration Small Business Investment Company License No. 0979-0435 at

23   all relevant times.  *Id*.  SBIC Partners was Rocket Ventures' managing general partner.  *Id*. at ¶ 53.

24   SBIC Partners' had exclusive control of Rocket Ventures' management and operations, within the

25   _____

26   [3] In its papers, Plaintiff is inconsistent as to Donald's name.  Plaintiff alleges (1) "Alistair Anderson Donald" is a Class B Limited Partner of RVII; and (2) "Donald Alistar Anderson" is a Class B Limited Partner of CEO Fund.  FAC, ¶¶ 15, 42. Plaintiff pleads two counts of breach of contract against "Alistair Anderson Donald."  FAC, ¶¶ 192-205, 542-555.  The

27   Motion for Default Judgment and supporting declarations refer to "Alistair Anderson Donald."  But the supporting exhibit refers to "Alistar Anderson Donald."  Declaration of Richard Moser in Support of Application for Default Judgment

28   Against Defendant Alistair Anderson Donald, Ex. A.
     [4] This refers to related proceedings found at *United States of America v. Rocket Ventures II SBIC, L.P.*, C-08-02240 JSW.

United States District Court
Northern District of California

1  limitations of the governing statutes and regulations.  *Id*.  RVII and CEO Fund were Rocket Ventures'

2  private limited partners.  *Id*. at ¶ 54.

3      SBIC Partners, RVII, and CEO Fund each entered into the Rocket Ventures Limited

4  Partnership Agreement ("Partnership Agreement") in late 2000.  *Id*. at ¶ 55, Ex. B.  Under the terms

5  of the Partnership Agreement:  (1) SBIC Partners agreed to be general partner of Rocket Ventures,

6  acknowledged and agreed to be bound by the terms of the agreement, and agreed to a capital

7  commitment of $100,000; (2) RVII agreed to be a limited partner of Rocket Ventures, acknowledged

8  and agreed to be bound by the terms of the agreement, and agreed to a capital commitment of

9  $25,730,900; and (3) CEO Fund agreed to be a limited partner of Rocket Ventures, acknowledged and

10  agreed to be bound by the terms of the agreement, and agreed to a capital commitment of $443,500.

11  *Id*. at ¶¶ 56-58.  RVII and CEO Fund are "Class A Limited Partners."  *Id*. at ¶ 64 n.2.

12      Rocket Ventures was structured as a "drop down" SBIC fund.  *Id*. at ¶ 59.  This means that

13  Rocket Ventures' limited partners, RVII and CEO Fund, were to raise capital from their investors

14  (limited partners), and in turn drop down some or all of the capital raised into the SBIC Fund.  *Id*.  A

15  Capital Certificate submitted to the SBA and certified by Rocket Ventures' then-management

16  identified the individuals and entities that invested in Rocket Ventures' limited partners, RVII and

17  CEO Fund.  *Id*. at ¶ 60.  These individuals and entities are known as "Class B Limited Partners."  *Id*.

18      Article 5 of the Partnership Agreement governs "Partners' Capital Contributions."  *Id*. at ¶ 61,

19  Ex. B.  Pursuant to the agreement, "[a]ll capital contributions to the Partnership by [the General

20  Partner and Private Limited Partners] must be in cash, except as provided in this agreement and

21  approved by the SBA."  *Id*. at ¶¶ 62, 63 (quoting Partnership Agreement §§ 5.02(a), 5.04).  The

22  Partnership Agreement further provides that "[i]f at any time the Class A Limited Partner fails to

23  make a Capital Contribution as required by this Agreement, then the Class B Limited Partners shall

24  contribute to the capital of the Partnership in cash in an amount equal to the Class A Limited Partner's

25  Capital Contribution then in default, with each such Class B Limited Partner being required to

26  contribute its Proportionate Share of the Capital Contribution then in default, provided, however, that

27  the obligation of each Class B Limited Partner to contribute to the capital of the Partnership shall be

28  several, and not joint, and in no event shall any Class B Limited Partner be required to contribute to

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   the Partnership in an amount greater than the then unpaid amount that such Class B Limited Partner

2   has agreed to contribute to the capital of the Class A Limited Partner." *Id*. at ¶ 64 (quoting

3   Partnership Agreement § 5.02(c)).  Pursuant to the Capital Certificates, former management was

4   aware that all Class B Limited Partners were required to execute the Partnership Agreement. *Id*. at ¶

5   65.

6          Rocket Ventures' books and records reflect that RVII failed to make its required capital

7   commitment.  *Id*. at ¶¶ 66, 79.  As a result, RVII owes a balance of $9,690,144, plus recoverable

8   interest, the amount of its unfunded capital commitment.  *Id*. at ¶¶ 66, 80.  Rocket Ventures' books

9   and records reflect that CEO Fund failed to make its required capital commitment.  *Id*. at ¶¶ 67, 85.

10  As a result, RVII owes a balance of $167,640, plus recoverable interest, the amount of its unfunded

11  capital commitment.  *Id*. at ¶¶ 67, 86.  The Partnership Agreement provides that, where the

12  partnership is liquidated, the general and limited partners must make any unfunded capital

13  commitments if the assets of the partnership are insufficient to repay the partnership obligations owed

14  to the SBA.  *Id*. at ¶ 69 (citing Partnership Agreement § 5.06).  "The Partnership is entitled to enforce

15  the obligations of each Partner to make contributions to capital specified in [the Partnership

16  Agreement].  The Partnership has all rights and remedies available at law or equity if any such

17  contribution is not so made." *Id*. at ¶ 70 (quoting Partnership Agreement § 5.07(a)).  The Partnership

18  Agreement also provides that the general partner may commence legal proceedings against any

19  defaulting partner to collect due and unpaid capital commitments, including interest and attorneys'

20  fees.  *Id*. at ¶ 71 (citing Partnership Agreement § 5.07(a)(ii)(D)).

21         Plaintiff demanded payment of the unfunded capital commitment from the Class A Limited

22  Partners, and, not receiving payment, issued default notices.  *Id*. at ¶¶ 72-73, Ex. C.  Only RVII made

23  any payment in response to the default notice, and even after payment the shortfall listed above

24  remained.  *Id*. at ¶ 66, 72.  On September 2, 2010, the court in the receivership action entered an order

25  authorizing Plaintiff to commence this action.  *Id*. at ¶ 75, Ex. D.

26         Plaintiff alleges twelve breach of contract causes of action that are relevant to the present

27  Motions, as follows:

28

United States District Court
Northern District of California

(1)     Breach of Contract Against Donald, Count 1:  Rocket Ventures' books and records reflect that Donald executed a Subscription Agreement and became a limited partner in RVII in or around May 2000.  *Id.* at ¶ 193.  The books and records also reflect that, around that time, Donald executed the Limited Partnership Agreement of RVII.  *Id.* at ¶ 194.  Further, the books and records reflect that Donald executed a Consent of Limited Partners of Rocket Ventures II, L.P. ("Consent") on or around April 30, 2001.  *Id.* at ¶ 195.  In the Consent, Donald consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id.*  The Partnership Agreement, in a form substantially similar or identical to its present form, was submitted to Donald and referenced in the Consent.  *Id.* at ¶ 196.

Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except where prevented or excused by Donald's conduct.  *Id.* at ¶ 197.  Pursuant to the Partnership Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures' limited partners, RVII and CEO Fund.  *Id.* at ¶ 198.  Even so, RVII and CEO Fund failed to make payment in full.  *Id.*  As a result of this failure, the individual Class B Limited Partners, including Donald, are each liable for their proportionate share of the unfunded capital commitment in accordance with section 5.02(c) of the Partnership Agreement.  *Id.* at ¶¶ 15, 199.

On October 21, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Donald pay the full amount of his remaining unfunded capital commitment, then $62,500, by November 30, 2011.  *Id.* at ¶ 200.  Donald did not do so.  *Id.*  On December 5, 2011, Plaintiff notified Donald that he was in default and gave him three business days from the date of that notice to make payment in full.  *Id.* at ¶ 201.  He did not do so.  *Id.*  As a result, Donald breached the Partnership Agreement and is liable for his remaining share of the unfunded capital commitment, $62,500, plus interest and attorneys' fees and costs recoverable pursuant to the Partnership Agreement.  *Id.* at ¶¶ 202-205.

(2)     Breach of Contract Against Donald, Count 2:  The allegations against Donald in the second count for breach of contract are similar to those in the first count.  The allegations only differ in that they are predicated on Donald's Class B Limited Partnership in CEO Fund, as opposed to

United States District Court
Northern District of California

1    RVII. *Id*. at ¶¶ 42, 543-545. In this count, Plaintiff seeks to recover Donald's unfunded capital

2    commitment to CEO Fund, $3,840, plus interest, attorneys' fees, and costs. *Id*. at ¶¶ 553-555.

3            (3)    <u>Breach of Contract Against Cucchi</u>: Rocket Ventures' books and records reflect that

4    Cucchi executed a Subscription Agreement and became a limited partner in RVII in or around May

5    2000. *Id*. at ¶ 319. The books and records also reflect that, around that time, Cucchi executed the

6    Limited Partnership Agreement of RVII. *Id*. at ¶ 320. Further, the books and records reflect that

7    Cucchi executed the Consent on or around April 30, 2001. *Id*. at ¶ 321. In the Consent, Cucchi

8    consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures. *Id*. The

9    Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

10   to Cucchi and referenced in the Consent. *Id*. at ¶ 322.

11         Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

12   where prevented or excused by Cucchi's conduct. *Id*. at ¶ 323. Pursuant to the Partnership

13   Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures'

14   limited partners, RVII and CEO Fund. *Id*. at ¶ 324. Even so, RVII and CEO Fund failed to make

15   payment in full. *Id*. As a result of this failure, the individual Class B Limited Partners, including

16   Cucchi, are each liable for their proportionate share of the unfunded capital commitment in

17   accordance with section 5.02(c) of the Partnership Agreement. *Id*. at ¶¶ 24, 325.

18         On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Cucchi

19   pay the full amount of his remaining unfunded capital commitment, then $98,360, by August 31,

20   2011. *Id*. at ¶ 326. Cucchi did not do so. *Id*. On November 10, 2011, Plaintiff notified Cucchi that

21   he was in default and gave him three business days from the date of that notice to make payment in

22   full. *Id*. at ¶ 327. He did not do so. *Id*. As a result, Cucchi breached the Partnership Agreement and

23   is liable for his remaining share of the unfunded capital commitment, now $75,000, plus interest and

24   attorneys' fees and costs recoverable pursuant to the Partnership Agreement. *Id*. at ¶¶ 328-331.

25           (4)    <u>Breach of Contract Against ValorLife</u>: Rocket Ventures' books and records reflect

26   that ValorLife executed a Subscription Agreement and became a limited partner in RVII in or around

27   May 2000. *Id*. at ¶ 333. The books and records also reflect that, around that time, ValorLife executed

28   the Limited Partnership Agreement of RVII. *Id*. at ¶ 334. Further, the books and records reflect that

United States District Court
Northern District of California

1    ValorLife executed the Consent on or around April 30, 2001.  *Id*. at ¶ 335.  In the Consent, ValorLife

2    consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The

3    Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

4    to ValorLife and referenced in the Consent.  *Id*. at ¶ 336.

5         Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

6    where prevented or excused by ValorLife's conduct.  *Id*. at ¶ 337.  Pursuant to the Partnership

7    Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures'

8    limited partners, RVII and CEO Fund.  *Id*. at ¶ 338.  Even so, RVII and CEO Fund failed to make

9    payment in full.  *Id*.  As a result of this failure, the individual Class B Limited Partners, including

10   ValorLife, are each liable for their proportionate share of the unfunded capital commitment in

11   accordance with section 5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 25, 339.

12        On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded

13   ValorLife pay the full amount of his remaining unfunded capital commitment, then $445,519.50, by

14   August 31, 2011.  *Id*. at ¶ 340.  ValorLife did not do so.  *Id*.  On November 10, 2011, Plaintiff notified

15   ValorLife that it was in default and gave it three business days from the date of that notice to make

16   payment in full.  *Id*. at ¶ 341.  ValorLife did not do so.  *Id*.  As a result, ValorLife breached the

17   Partnership Agreement and is liable for its remaining share of the unfunded capital commitment, now

18   $339,800, plus interest and attorneys' fees and costs recoverable pursuant to the Partnership

19   Agreement.  *Id*. at ¶¶ 342-346.

20        (5)  <u>Breach of Contract Against Gandini</u>:  Rocket Ventures' books and records reflect that

21   Gandini executed a Subscription Agreement and became a limited partner in RVII in or around May

22   2000.  *Id*. at ¶ 347.  The books and records also reflect that, around that time, Gandini executed the

23   Limited Partnership Agreement of RVII.  *Id*. at ¶ 348.  Further, the books and records reflect that

24   Gandini executed the Consent on or around April 30, 2001.  *Id*. at ¶ 349.  In the Consent, Gandini

25   consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The

26   Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

27   to Gandini and referenced in the Consent.  *Id*. at ¶ 350.

28

United States District Court
Northern District of California

1    Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

2    where prevented or excused by Gandini's conduct. *Id*. at ¶ 351. Pursuant to the Partnership

3    Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures'

4    limited partners, RVII and CEO Fund. *Id*. at ¶ 352. Even so, RVII and CEO Fund failed to make

5    payment in full. *Id*. As a result of this failure, the individual Class B Limited Partners, including

6    Gandini, are each liable for their proportionate share of the unfunded capital commitment in

7    accordance with section 5.02(c) of the Partnership Agreement. *Id*. at ¶¶ 26, 353.

8    On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Gandini

9    pay the full amount of his remaining unfunded capital commitment, then $148,511.50, by August 31,

10   2011. *Id*. at ¶ 354. Gandini did not do so. *Id*. On November 10, 2011, Plaintiff notified Gandini that

11   he was in default and gave him three business days from the date of that notice to make payment in

12   full. *Id*. at ¶ 355. He did not do so. *Id*. As a result, Gandini breached the Partnership Agreement and

13   is liable for his remaining share of the unfunded capital commitment, $148,511, plus interest and

14   attorneys' fees and costs recoverable pursuant to the Partnership Agreement. *Id*. at ¶¶ 356-359.

15   (6) <u>Breach of Contract Against Rijete, Count 1</u>: Rocket Ventures' books and records reflect

16   that Rijete executed a Subscription Agreement and became a limited partner in RVII in or around

17   May 2000. *Id*. at ¶ 361. The books and records also reflect that, around that time, Rijete executed the

18   Limited Partnership Agreement of RVII. *Id*. at ¶ 362. Further, the books and records reflect that

19   Rijete executed the Consent on or around April 30, 2001. *Id*. at ¶ 363. In the Consent, Rijete

20   consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures. *Id*. The

21   Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

22   to Rijete and referenced in the Consent. *Id*. at ¶ 364.

23   Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

24   where prevented or excused by Rijete's conduct. *Id*. at ¶ 365. Pursuant to the Partnership Agreement,

25   Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures' limited

26   partners, RVII and CEO Fund. *Id*. at ¶ 366. Even so, RVII and CEO Fund failed to make payment in

27   full. *Id*. As a result of this failure, the individual Class B Limited Partners, including Rijete, are each

28

United States District Court
Northern District of California

1  liable for their proportionate share of the unfunded capital commitment in accordance with section

2  5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 27, 367.

3        On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Rijete

4  pay the full amount of its remaining unfunded capital commitment, then $60,137, by August 31, 2011.

5  *Id*. at ¶ 368.  Rijete did not do so.  *Id*.  On November 10, 2011, Plaintiff notified Rijete that it was in

6  default and gave it three business days from the date of that notice to make payment in full.  *Id*. at ¶

7  369.  It did not do so.  *Id*.  As a result, Rijete breached the Partnership Agreement and is liable for its

8  remaining share of the unfunded capital commitment, now $38,000, plus interest and attorneys' fees

9  and costs recoverable pursuant to the Partnership Agreement.  *Id*. at ¶¶ 370-373.

10        (7)    <u>Breach of Contract Against Rijete, Count 2</u>:  The allegations against Rijete in the

11  second count for breach of contract are similar to those in the first count.  The allegations only differ

12  (1) in that they are predicated on Rijete's Class B Limited Partnership in CEO Fund, as opposed to

13  RVII; and (2) in that the time Rijete was given to respond to the initial demand for payment ran from

14  August 26, 2011 to August 30, 2011.  *Id*. at ¶¶ 47, 627-629.  In this count, Plaintiff seeks to recover

15  Rijete's unfunded capital commitment to CEO Fund, $7,515, plus interest, attorneys' fees, and costs.

16  *Id*. at ¶¶ 637-639.

17        (8)    <u>Breach of Contract Against Stainton</u>:  Rocket Ventures' books and records reflect that

18  Stainton executed a Subscription Agreement and became a limited partner in RVII in or around May

19  2000.  *Id*. at ¶ 375.  The books and records also reflect that, around that time, Stainton executed the

20  Limited Partnership Agreement of RVII.  *Id*. at ¶ 376.  Further, the books and records reflect that

21  Stainton executed the Consent on or around April 30, 2001.  *Id*. at ¶ 377.  In the Consent, Stainton

22  consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The

23  Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

24  to Stainton and referenced in the Consent.  *Id*. at ¶ 378.

25        Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

26  where prevented or excused by Stainton's conduct.  *Id*. at ¶ 379.  Pursuant to the Partnership

27  Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures'

28  limited partners, RVII and CEO Fund.  *Id*. at ¶ 380.  Even so, RVII and CEO Fund failed to make

1    payment in full.  *Id*.  As a result of this failure, the individual Class B Limited Partners, including

2    Stainton, are each liable for their proportionate share of the unfunded capital commitment in

3    accordance with section 5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 28, 381.

4           On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Stainton

5    pay the full amount of his remaining unfunded capital commitment, then $30,000, by August 31,

6    2011.  *Id*. at ¶ 382.  Stainton did not do so.  *Id*.  On December 5, 2011, Plaintiff notified Stainton that

7    he was in default and gave him three business days from the date of that notice to make payment in

8    full.  *Id*. at ¶ 383.  He did not do so.  *Id*.  As a result, Stainton breached the Partnership Agreement and

9    is liable for his remaining share of the unfunded capital commitment, now $25,000, plus interest and

10   attorneys' fees and costs recoverable pursuant to the Partnership Agreement.  *Id*. at ¶¶ 384-387.

11          (9)     <u>Breach of Contract Against Tyna</u>:  Rocket Ventures' books and records reflect that

12   Tyna executed a Subscription Agreement and became a limited partner in RVII in or around May

13   2000.  *Id*. at ¶ 389.  The books and records also reflect that, around that time, Tyna executed the

14   Limited Partnership Agreement of RVII.  *Id*. at ¶ 390.  Further, the books and records reflect that

15   Tyna executed the Consent on or around April 30, 2001.  *Id*. at ¶ 391.  In the Consent, Tyna consented

16   to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The Partnership

17   Agreement, in a form substantially similar or identical to its present form, was submitted to Tyna and

18   referenced in the Consent.  *Id*. at ¶ 392.

19          Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

20   where prevented or excused by Tyna's conduct.  *Id*. at ¶ 393.  Pursuant to the Partnership Agreement,

21   Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures' limited

22   partners, RVII and CEO Fund.  *Id*. at ¶ 394.  Even so, RVII and CEO Fund failed to make payment in

23   full.  *Id*.  As a result of this failure, the individual Class B Limited Partners, including Tyna, are each

24   liable for their proportionate share of the unfunded capital commitment in accordance with section

25   5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 29, 395.

26          On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Tyna

27   pay the full amount of his remaining unfunded capital commitment, then $150,085, by August 31,

28   2011.  *Id*. at ¶ 396.  Tyna did not do so.  *Id*.  On November 10, 2011, Plaintiff notified Tyna that it

United States District Court
Northern District of California

United States District Court
Northern District of California

1   was in default and gave it three business days from the date of that notice to make payment in full. *Id.*

2   at ¶ 397. It did not do so. *Id.* As a result, Tyna breached the Partnership Agreement and is liable for

3   its remaining share of the unfunded capital commitment, now $125,000, plus interest and attorneys'

4   fees and costs recoverable pursuant to the Partnership Agreement. *Id.* at ¶¶ 398-401.

5        (10)   <u>Breach of Contract Against Hahei</u>: Rocket Ventures' books and records reflect that

6   Hahei executed a Subscription Agreement and became a limited partner in RVII in or around May

7   2000. *Id.* at ¶ 431. The books and records also reflect that, around that time, Hahei executed the

8   Limited Partnership Agreement of RVII. *Id.* at ¶ 432. Further, the books and records reflect that

9   Donald executed the Consent on or around April 30, 2001. *Id.* at ¶ 433. In the Consent, Hahei

10  consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures. *Id.* The

11  Partnership Agreement, in a form substantially similar or identical to its present form, was submitted

12  to Hahei and referenced in the Consent. *Id.* at ¶ 434.

13       Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

14  where prevented or excused by Hahei's conduct. *Id.* at ¶ 435. Pursuant to the Partnership Agreement,

15  Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures' limited

16  partners, RVII and CEO Fund. *Id.* at ¶ 436. Even so, RVII and CEO Fund failed to make payment in

17  full. *Id.* As a result of this failure, the individual Class B Limited Partners, including Hahei, are each

18  liable for their proportionate share of the unfunded capital commitment in accordance with section

19  5.02(c) of the Partnership Agreement. *Id.* at ¶¶ 32, 437.

20       On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Hahei

21  pay the full amount of his remaining unfunded capital commitment, then $300,000, by August 31,

22  2011. *Id.* at ¶ 438. Hahei did not do so. *Id.* On November 10, 2011, Plaintiff notified Hahei that it

23  was in default and gave it three business days from the date of that notice to make payment in full. *Id.*

24  at ¶ 439. Hahei did not do so. *Id.* As a result, Hahei breached the Partnership Agreement and is

25  liable for its remaining share of the unfunded capital commitment, $300,000, plus interest and

26  attorneys' fees and costs recoverable pursuant to the Partnership Agreement. *Id.* at ¶¶ 440-443.

27       (11)   <u>Breach of Contract Against Casiraghi</u>: Rocket Ventures' books and records reflect that

28  Casiraghi executed a Subscription Agreement and became a limited partner in RVII in or around May

United States District Court
Northern District of California

2000.  *Id*. at ¶ 529.  The books and records also reflect that, around that time, Casiraghi executed the Limited Partnership Agreement of RVII.  *Id*. at ¶ 530.  Further, the books and records reflect that Casiraghi executed the Consent on or around April 30, 2001.  *Id*. at ¶ 531.  In the Consent, Casiraghi consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The Partnership Agreement, in a form substantially similar or identical to its present form, was submitted to Casiraghi and referenced in the Consent.  *Id*. at ¶ 532.

Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except where prevented or excused by Casiraghi's conduct.  *Id*. at ¶ 533.  Pursuant to the Partnership Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures' limited partners, RVII and CEO Fund.  *Id*. at ¶ 534.  Even so, RVII and CEO Fund failed to make payment in full.  *Id*.  As a result of this failure, the individual Class B Limited Partners, including Casiraghi, are each liable for their proportionate share of the unfunded capital commitment in accordance with section 5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 40, 535.

On June 26, 2011, in accordance with the Partnership Agreement, Plaintiff demanded Casiraghi pay the full amount of his remaining unfunded capital commitment, then $150,000, by August 31, 2011.  *Id*. at ¶ 536.  Casiraghi did not do so.  *Id*.  On November 10, 2011, Plaintiff notified Casiraghi that he was in default and gave him three business days from the date of that notice to make payment in full.  *Id*. at ¶ 537.  He did not do so.  *Id*.  As a result, Casiraghi breached the Partnership Agreement and is liable for his remaining share of the unfunded capital commitment, $150,000, plus interest and attorneys' fees and costs recoverable pursuant to the Partnership Agreement.  *Id*. at ¶¶ 538-541.

(12)   <u>Breach of Contract Against Mather</u>:  Rocket Ventures' books and records reflect that Mather executed a Subscription Agreement and became a limited partner in CEO Fund in or around May 2000.  *Id*. at ¶ 571.  The books and records also reflect that, around that time, Mather executed the Limited Partnership Agreement of CEO Fund.  *Id*. at ¶ 572.  Further, the books and records reflect that Mather executed a Consent of Limited Partners of Rocket Ventures II CEO Fund, L.P. ("Consent") on or around April 30, 2001.  *Id*. at ¶ 573.  In the Consent, Mather consented to becoming a Conditional Class B Private Limited Partner of Rocket Ventures.  *Id*.  The Partnership Agreement,

1   in a form substantially similar or identical to its present form, was submitted to Mather and referenced

2   in the Consent.  *Id*. at ¶ 574.

3          Plaintiff and Rocket Ventures performed as required under the Partnership Agreement, except

4   where prevented or excused by Mather's conduct.  *Id*. at ¶ 575.  Pursuant to the Partnership

5   Agreement, Plaintiff demanded payment of the unfunded capital commitment from Rocket Ventures'

6   limited partners, RVII and CEO Fund.  *Id*. at ¶ 576.  Even so, RVII and CEO Fund failed to make

7   payment in full.  *Id*.  As a result of this failure, the individual Class B Limited Partners, including

8   Mather, are each liable for their proportionate share of the unfunded capital commitment in

9   accordance with section 5.02(c) of the Partnership Agreement.  *Id*. at ¶¶ 43, 577.

10          On October 21, 2011, in accordance with the Partnership Agreement, Plaintiff demanded

11   Mather pay the full amount of his remaining unfunded capital commitment, then $15,000, by

12   November 30, 2011.  *Id*. at ¶ 578.  Mather did not do so.  *Id*.  On December 5, 2011, Plaintiff notified

13   Mather that he was in default and gave him three business days from the date of that notice to make

14   payment in full.  *Id*. at ¶ 579.  He did not do so.  *Id*.  As a result, Mather breached the Partnership

15   Agreement and is liable for his remaining share of the unfunded capital commitment, $15,000, plus

16   interest and attorneys' fees and costs recoverable pursuant to the partnership agreement.  *Id*. at ¶¶ 580-

17   583.

18     **B.     Motions for Default Judgment**

19          **1.     Donald**

20          Plaintiff states that the clerk entered default as to Donald on August 23, 2012.  Application For

21   Entry of Default Judgment Against Alistair Anderson Donald, 2 (citing Dkt. No. 104).  Plaintiff

22   asserts that (1) Donald has not formally appeared in this action; (2) counsel for Plaintiff has not had

23   any contact with Donald; (3) notice of this application for default judgment was served on Donald on

24   January 4, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II,

25   LLC, in c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080;

26   and (4) Plaintiff is entitled to judgment against Donald on two counts of breach of contract for a

27   combined principal amount of $66,430 plus prejudgment and post-judgment interest, attorneys' fees,

28   and costs.  *Id*. at 2-3.  Plaintiff contends that entry of default against one or more, but fewer than all,

United States District Court
Northern District of California

1  parties is appropriate here because each Defendant's liability is several and independent.  *Id.* at 3-4

2  (citing Fed. R. Civ. P. 54(b); *Westinghouse Elec. Corp. v. Rio Algom Ltd. (In re Uranium Antitrust*

3  *Litig.)*, 617 F.2d 1248, 1257 (7th Cir. 1980)).

4        Plaintiff submits two declarations in support of its motion.  Plaintiff's attorney, Melissa S. Lor

5  ("Lor"), declares that Plaintiff filed a request for entry of Default against Donald on August 20, 2012.

6  Declaration of Melissa S. Lor in Support of Application for Default Judgment Against Alistair

7  Anderson Donald, ¶ 4 (citing Dkt. No. 95).  Lor declares that default was entered three days later.  *Id.*

8  at ¶ 5.  Lor declares that the above-described service was made at her direction.  *Id.* at ¶ 6.  Lor

9  declares that, if appropriate, Plaintiff will file a request for reasonable attorneys' fees within fourteen

10  days of entry of judgment.  *Id.* at ¶ 7.  Lor declares that Donald is not a minor or incompetent person

11  and the Service Members Civil Relief Act does not apply.  *Id.* at ¶ 8.

12        Second, Richard Moser ("Moser") submits a declaration based on his work, from September

13  2008 to August 2010, at Phoenix Management, Plaintiff's Principal Agent, and his review of Rocket

14  Ventures' business books and records.  Moser Declaration in Support of Entry of Default Judgment

15  Against Alistair Anderson Donald, ¶¶ 1-3.  Moser provides a spreadsheet containing the principal

16  amount in default by each Defendant on each count, the date of that default, the interest rate, the

17  interest that accrued on the principal amount in default up to December 15, 2012, the total default

18  including interest as of December 15, 2012, and the daily interest accrual at a 4% plus prime (3.25%)

19  interest rate.  *Id.* at ¶¶ 4-6, Ex. A.  Moser declares that Donald was in default for the amount of

20  $71,350.05 as of December 15, 2012, not including attorneys' fees or costs.  *Id.* at ¶ 6.

21                    **2.    Cucchi**

22        Plaintiff states that the clerk entered default as to Cucchi on August 23, 2012.  Application For

23  Entry of Default Judgment Against Fred Cucchi, 2 (citing Dkt. No. 103).  Plaintiff asserts that (1)

24  Cucchi has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact with

25  Cucchi; (3) notice of this application for default judgment was served on Cucchi on January 4, 2013

26  in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in c/o

27  Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4)

28  Plaintiff is entitled to judgment against Cucchi principal amount of $75,000 plus prejudgment and

United States District Court
Northern District of California

1   post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends that entry of default

2   against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

3   is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

4   F.2d at 1257).

5           Plaintiff submits declarations from Lor and Moser in support of its motion.  Lor declares that

6   Plaintiff filed a request for entry of Default against Cucchi on August 20, 2012.  Declaration of

7   Melissa S. Lor in Support of Application for Default Judgment Against Fred Cucchi, ¶ 4 (citing Dkt.

8   No. 96).  Lor declares that default was entered three days later.  *Id*. at ¶ 5.  Lor declares that the

9   above-described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if appropriate,

10  Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment.

11  *Id*. at ¶ 7.  Lor declares that Cucchi is not a minor or incompetent person and the Service Members

12  Civil Relief Act does not apply.  *Id*. at ¶ 8.

13          Moser submits a declaration that is substantially the same as the one described above, with an

14  identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Fred

15  Cucchi, ¶¶ 1-6, Ex. A.  Moser declares that Cucchi was in default for the amount of $82,023.44 as of

16  December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

17                  **3.    ValorLife**

18          Plaintiff states that the clerk entered default as to ValorLife on August 23, 2012.  Application

19  For Entry of Default Judgment Against ValorLife, 2 (citing Dkt. No. 103).  Plaintiff asserts that (1)

20  ValorLife has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact

21  with ValorLife; (3) notice of this application for default judgment was served on ValorLife on January

22  4, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in

23  c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4)

24  Plaintiff is entitled to judgment against ValorLife principal amount of $339,800 plus prejudgment and

25  post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends that entry of default

26  against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

27  is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

28  F.2d at 1257).

1   Plaintiff submits declarations from Lor and Moser in support of its motion.  Lor declares that

2   Plaintiff filed a request for entry of Default against ValorLife on August 17, 2012.  Declaration of

3   Melissa S. Lor in Support of Application for Default Judgment Against ValorLife, ¶ 4 (citing Dkt. No.

4   94).  Lor declares that default was entered six days later.  *Id*. at ¶ 5.  Lor declares that the above-

5   described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if appropriate, Plaintiff will

6   file a request for reasonable attorneys' fees within fourteen days of entry of judgment.  *Id*. at ¶ 7.  Lor

7   declares that ValorLife is not a minor or incompetent person and the Service Members Civil Relief

8   Act does not apply.  *Id*. at ¶ 8.

9   Moser submits a declaration that is substantially the same as the one described above, with an

10  identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against ValorLife,

11  ¶¶ 1-6, Ex. A.  Moser declares that ValorLife was in default for the amount of $371,620.85 as of

12  December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

13          **4.      Gandini**

14  Plaintiff states that the clerk entered default as to Gandini on August 23, 2012.  Application

15  For Entry of Default Judgment Against Alberto Gandini, 2 (citing Dkt. No. 103).  Plaintiff asserts that

16  (1) Gandini has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact

17  with Gandini; (3) notice of this application for default judgment was served on Gandini on January 4,

18  2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in c/o

19  Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4)

20  Plaintiff is entitled to judgment against Gandini principal amount of $148,511 plus prejudgment and

21  post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends that entry of default

22  against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

23  is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

24  F.2d at 1257).

25          Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

26  that Plaintiff filed a request for entry of Default against Gandini on August 20, 2012.  Declaration of

27  Melissa S. Lor in Support of Application for Default Judgment Against Alberto Gandini, ¶ 4 (citing

28  Dkt. No. 97).  Lor declares that default was entered three days later.  *Id*. at ¶ 5.  Lor declares that the

16

United States District Court
Northern District of California

1    above-described service was made at her direction.  *Id.* at ¶ 6.  Lor declares that, if appropriate,

2    Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment.

3    *Id.* at ¶ 7.  Lor declares that Gandini is not a minor or incompetent person and the Service Members

4    Civil Relief Act does not apply.  *Id.* at ¶ 8.

5           Moser submits a declaration that is substantially the same as the one described above, with an

6    identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Alberto

7    Gandini, ¶¶ 1-6, Ex. A.  Moser declares that Gandini was in default for the amount of $162,418.44 as

8    of December 15, 2012, not including attorneys' fees or costs.  *Id.* at ¶ 6.

9           **5.**    **Rijete**

10           Plaintiff states that the clerk entered default as to Rijete on August 23, 2012.  Application For

11    Entry of Default Judgment Against Rijete PTY, Ltd., 2 (citing Dkt. No. 104).  Plaintiff asserts that (1)

12    Rijete has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact with

13    Rijete; (3) notice of this application for default judgment was served on Rijete on January 4, 2013 in

14    c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in c/o Gordon

15    C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4) Plaintiff is

16    entitled to judgment on both counts against Rijete in a combined principal amount of $45,515 plus

17    prejudgment and post-judgment interest, attorneys' fees, and costs.  *Id.* at 2-3.  Plaintiff contends that

18    entry of default against one or more, but fewer than all, parties is appropriate here because each

19    Defendant's liability is several and independent.  *Id.* at 3-4 (citing Fed. R. Civ. P. 54(b); *In re*

20    *Uranium Antitrust Litig.*, 617 F.2d at 1257).

21           Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

22    that Plaintiff filed a request for entry of Default against Rijete on August 20, 2012.  Declaration of

23    Melissa S. Lor in Support of Application for Default Judgment Against Rijete PTY, Ltd., ¶ 4 (citing

24    Dkt. No. 99).  Lor declares that default was entered three days later.  *Id.* at ¶ 5.  Lor declares that the

25    above-described service was made at her direction.  *Id.* at ¶ 6.  Lor declares that, if appropriate,

26    Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment.

27    *Id.* at ¶ 7.  Lor declares that Rijete is not a minor or incompetent person and the Service Members

28    Civil Relief Act does not apply.  *Id.* at ¶ 8.

United States District Court
Northern District of California

1   Moser submits a declaration that is substantially the same as the one described above, with an

2   identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Rijete PTY,

3   Ltd., ¶¶ 1-6, Ex. A.  Moser declares that Rijete was in default for the amount of $49,777.29 as of

4   December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

5              **6.    Stainton**

6              Plaintiff states that the clerk entered default as to Stainton on December 21, 2012.

7   Application For Entry of Default Judgment Against Christopher Stainton, 2 (citing Dkt. No. 123).

8   Plaintiff asserts that (1) Stainton has not formally appeared in this action; (2) counsel for Plaintiff has

9   not had any contact with Stainton; (3) notice of this application for default judgment was served on

10  Stainton on January 22, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket

11  Management II, LLC, in c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA

12  94111-58080; and (4) Plaintiff is entitled to judgment against Stainton principal amount of $30,000

13  plus prejudgment and post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends

14  that entry of default against one or more, but fewer than all, parties is appropriate here because each

15  Defendant's liability is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium*

16  *Antitrust Litig.*, 617 F.2d at 1257).

17             Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

18  that Plaintiff filed a request for entry of Default against Stainton on December 19, 2012.  Declaration

19  of Melissa S. Lor in Support of Application for Default Judgment Against Christopher Stainton, ¶ 4

20  (citing Dkt. No. 119).  Lor declares that default was entered two days later.  *Id*. at ¶ 5.  Lor declares

21  that the above-described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if

22  appropriate, Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of

23  judgment.  *Id*. at ¶ 7.  Lor declares that Stainton is not a minor or incompetent person and the Service

24  Members Civil Relief Act does not apply.  *Id*. at ¶ 8.

25             Moser submits a declaration that is substantially the same as the one described above, with an

26  identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Christopher

27  Stainton, ¶¶ 1-6, Ex. A.  Moser declares that Stainton was in default for the amount of $32,809.38 as

28  of December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7.      Tyna

Plaintiff states that the clerk entered default as to Tyna on August 23, 2012.  Application For Entry of Default Judgment Against Tyna Development, 2 (citing Dkt. No. 103).  Plaintiff asserts that (1) Tyna has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact with Tyna; (3) notice of this application for default judgment was served on Tyna on January 4, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4) Plaintiff is entitled to judgment against Tyna principal amount of $125,000 plus prejudgment and post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends that entry of default against one or more, but fewer than all, parties is appropriate here because each Defendant's liability is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617 F.2d at 1257).

Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares that Plaintiff filed a request for entry of Default against Tyna on August 20, 2012.  Declaration of Melissa S. Lor in Support of Application for Default Judgment Against Tyna Development, ¶ 4 (citing Dkt. No. 98).  Lor declares that default was entered three days later.  *Id*. at ¶ 5.  Lor declares that the above-described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if appropriate, Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment. *Id*. at ¶ 7.  Lor declares that Tyna is not a minor or incompetent person and the Service Members Civil Relief Act does not apply.  *Id*. at ¶ 8.

Moser submits a declaration that is substantially the same as the one described above, with an identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Tyna Development, ¶¶ 1-6, Ex. A.  Moser declares that Tyna was in default for the amount of $136,705.73 as of December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

### 8.      Hahei

Plaintiff states that the clerk entered default as to Hahei on December 27, 2012.  Application For Entry of Default Judgment Against Hahei, Ltd., 2 (citing Dkt. No. 124).  Plaintiff asserts that (1) Hahei has not formally appeared in this action; (2) counsel for Plaintiff has not had any

19

United States District Court
Northern District of California

1    contact with Hahei; (3) notice of this application for default judgment was served on Hahei on

2    January 22, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II,

3    LLC, in c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080;

4    and (4) Plaintiff is entitled to judgment against Hahei principal amount of $300,000 plus prejudgment

5    and post-judgment interest, attorneys' fees, and costs.  *Id*. at 2.  Plaintiff contends that entry of default

6    against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

7    is several and independent.  *Id*. at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

8    F.2d at 1257).

9            Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

10   that Plaintiff filed a request for entry of Default against Hahei on December 19, 2012.  Declaration of

11   Melissa S. Lor in Support of Application for Default Judgment Against Hahei, Ltd., ¶ 4 (citing Dkt.

12   No. 122).  Lor declares that default was entered eight days later.  *Id*. at ¶ 5.  Lor declares that the

13   above-described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if appropriate,

14   Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment.

15   *Id*. at ¶ 7.  Lor declares that Gandini is not a minor or incompetent person and the Service Members

16   Civil Relief Act does not apply.  *Id*. at ¶ 8.

17           Moser submits a declaration that is substantially the same as the one described above, with an

18   identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Hahei, Ltd.,

19   ¶¶ 1-6, Ex. A.  Moser declares that Hahei was in default for the amount of $328,093.75 as of

20   December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

21           **9.    Casiraghi**

22           Plaintiff states that the clerk entered default as to Casiraghi on August 23, 2012.  Application

23   For Entry of Default Judgment Against Luca Casiraghi, 2 (citing Dkt. No. 104).  Plaintiff asserts that

24   (1) Casiraghi has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact

25   with Casiraghi; (3) notice of this application for default judgment was served on Casiraghi on January

26   4, 2013 in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in

27   c/o Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4)

28   Plaintiff is entitled to judgment against Casiraghi principal amount of $150,000 plus prejudgment and

20

1    post-judgment interest, attorneys' fees, and costs.  *Id.* at 2.  Plaintiff contends that entry of default

2    against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

3    is several and independent.  *Id.* at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

4    F.2d at 1257).

5         Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

6    that Plaintiff filed a request for entry of Default against Casiraghi on August 20, 2012.  Declaration of

7    Melissa S. Lor in Support of Application for Default Judgment Against Luca Casiraghi, ¶ 4 (citing

8    Dkt. No. 100).  Lor declares that default was entered three days later.  *Id.* at ¶ 5.  Lor declares that the

9    above-described service was made at her direction.  *Id.* at ¶ 6.  Lor declares that, if appropriate,

10   Plaintiff will file a request for reasonable attorneys' fees within fourteen days of entry of judgment.

11   *Id.* at ¶ 7.  Lor declares that Casiraghi is not a minor or incompetent person and the Service Members

12   Civil Relief Act does not apply.  *Id.* at ¶ 8.

13        Moser submits a declaration that is substantially the same as the one described above, with an

14   identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against Luca

15   Casiraghi, ¶¶ 1-6, Ex. A.  Moser declares that Casiraghi was in default for the amount of $164,046.88

16   as of December 15, 2012, not including attorneys' fees or costs.  *Id.* at ¶ 6.

17                    **10.    Mather**

18        Plaintiff states that the clerk entered default as to Mather on August 23, 2012.  Application For

19   Entry of Default Judgment Against David Mather, 2 (citing Dkt. No. 103).  Plaintiff asserts that (1)

20   Mather has not formally appeared in this action; (2) counsel for Plaintiff has not had any contact with

21   Mather; (3) notice of this application for default judgment was served on Mather on January 4, 2013

22   in c/o Designated Agent of Rocket Ventures II, L.P. and/or Rocket Management II, LLC, in c/o

23   Gordon C. Atkinson, 101 California Street, 5th Floor, San Francisco, CA 94111-58080; and (4)

24   Plaintiff is entitled to judgment against Gandini principal amount of $15,000 plus prejudgment and

25   post-judgment interest, attorneys' fees, and costs.  *Id.* at 2.  Plaintiff contends that entry of default

26   against one or more, but fewer than all, parties is appropriate here because each Defendant's liability

27   is several and independent.  *Id.* at 3 (citing Fed. R. Civ. P. 54(b); *In re Uranium Antitrust Litig.*, 617

28   F.2d at 1257).

United States District Court
Northern District of California

1    Plaintiff submits declarations from Lor and Moser in support of their motion.  Lor declares

2    that Plaintiff filed a request for entry of Default against Mather on August 17, 2012.  Declaration of

3    Melissa S. Lor in Support of Application for Default Judgment Against David Mather, ¶ 4 (citing Dkt.

4    No. 97).  Lor declares that default was entered six days later.  *Id*. at ¶ 5.  Lor declares that the above-

5    described service was made at her direction.  *Id*. at ¶ 6.  Lor declares that, if appropriate, Plaintiff will

6    file a request for reasonable attorneys' fees within fourteen days of entry of judgment.  *Id*. at ¶ 7.  Lor

7    declares that Mather is not a minor or incompetent person and the Service Members Civil Relief Act

8    does not apply.  *Id*. at ¶ 8.

9    Moser submits a declaration that is substantially the same as the one described above, with an

10   identical Exhibit A.  Moser Declaration in Support of Entry of Default Judgment Against David

11   Mather, ¶¶ 1-6, Ex. A.  Moser declares that Mather was in default for the amount of $16,132.81 as of

12   December 15, 2012, not including attorneys' fees or costs.  *Id*. at ¶ 6.

13   **C.    Supplemental Brief**

14   After the continuance, Plaintiff filed a Supplemental Brief in Support of Applications for

15   Default Judgment ("Supplemental Brief") arguing (1) that Plaintiff has satisfied the procedural

16   requirements for entry of default judgment; (2) that the factors set forth in *Eitel v. McCool*, 782 F.2d

17   1470, 1471-72 (9th Cir. 1986) weigh in favor of granting default judgment; and (3) restating its

18   argument that there is no just reason for delay in entry of default judgment against Defendants

19   because their liability is several and independent of each other.  Supplemental Brief, 3-7.

20   **III.    ANALYSIS**

21   **A.    Adequacy of Service of Process**

22   As a preliminary matter, where default judgment is requested, the Court must determine

23   whether service of process was adequate.  *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650,

24   at *2 (N.D. Cal. June 17, 2008).  "Unless federal law provides otherwise, an individual … may be

25   served in a judicial district of the United States by … delivering a copy of each to an agent authorized

26   by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  "Unless federal

27   law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation or

28   a partnership or other unincorporated association that is subject to suit under a common name, must

22

1   be served … in a judicial district of the United States … by delivering a copy of the summons and of

2   the complaint to an officer, a managing or general agent, or any other agent authorized by

3   appointment or law to receive service of process and – if the agent is one authorized by statute and the

4   statute so requires – by also mailing a copy to each of the defendant." Fed. R. Civ. P. 4(h)(1)(B)

5   (alternative methods of service omitted).  Defendants, both individuals and business entities, were

6   served with the FAC, issued summons, and served with each Motion for Default Judgment through

7   their "Designated Agent Rocket Ventures II, L.P. and/or Rocket Management II, LLC c/o Gordon C.

8   Atkinson, 101 California Street, 5th Floor[,] San Francisco, CA 94111-5800."  *See* Dkt. Nos. 30-31,

9   134, 139-140.  Service was adequate.

### B.   Entry of Default Judgment

11   Plaintiff has applied for a default judgment in this action on the basis that Defendants have

12   failed to plead or otherwise defend or appear after valid service.  Pursuant to Rule 55(b)(2) of the

13   Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule

14   55(a), has previously entered the party's default based upon failure to plead or otherwise defend the

15   action.  Fed. R. Civ. Proc. 55(b).  Once a party's default has been entered, the factual allegations of

16   the complaint, except those concerning damages, are deemed true.  Fed. R. Civ. Proc. 8(b)(6); see also

17   *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that "upon

18   default[,] the factual allegations of the complaint, except those relating to the amount of damages, will

19   be taken as true").  A defendant's default, however, does not automatically entitle the plaintiff to a

20   court-ordered default judgment.  *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).

21   "When an action presents more than one claim for relief … or when multiple parties are

22   involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims

23   or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ.

24   Proc. 54(b).  The Supreme Court has cautioned that in certain circumstances, the court should not

25   enter a default judgment against a defendant that is, or is likely to be, inconsistent with a judgment on

26   the merits as to the remaining defendants.  *Frow v. De La Vega*, 82 U.S. 552, 554 21 L.Ed. 60 (1872).

27   *Frow* stands for the proposition that "when one of several defendants who is alleged to be jointly

28   liable defaults, judgment should not be entered against that defendant until the matter has been

United States District Court
Northern District of California

1   adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan

2   Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 2001).

3   *Frow* has been applied to situations beyond the joint liability context to claims where a default

4   judgment against one defendant would be inherently inconsistent with a judgment entered against a

5   similarly situated co-defendant. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531-33 (9th Cir. 2001)

6   (explicitly applying the principle in *Frow* in the absence of joint liability to conclude that the

7   bankruptcy court abused its discretion in granting default judgment against defaulting defendants on

8   the basis of a legal theory that it rejected at summary judgment as to the answering defendants).

9       In *In re Uranium Antitrust Litigation*, cited by Plaintiff, the Seventh Circuit declined to extend

10   *Frow* to a claim involving "joint and several liability" where "a finding of liability as to one defendant

11   is consistent with a finding of no liability as to the others, so long as there is no relationship between

12   the parties requiring vicarious liability." *In re Uranium Antitrust Litigation*, 617 F.2d at 1257-58.

13   The court found that "there is little possibility of inconsistent adjudications of liability" and explained

14   that "[t]he result in *Frow* was clearly mandated by the Court's desire to avoid logically inconsistent

15   adjudications as to liability. However, when different results as to different parties are not logically

16   inconsistent or contradictory, the rationale for the *Frow* rule is lacking. Such is this case involving

17   joint and several liability." *Id*.

18       As one court explained, *Frow*'s applicability turns "on the key question of whether under the

19   theory of the complaint, liability of all the defendants must be uniform. Where *Frow* applies, it would

20   be an abuse of discretion to enter a default judgment against some but not all defendants prior to

21   adjudication of the claims against answering defendants." *Shanghai Automation Instr. Co. v. Kuei*,

22   194 F.Supp.2d 995, 1008 (N.D. Cal. 2001) (citations omitted).

23       In the present case, there is a risk of inconsistent judgments. First, the Class A Limited

24   Partner defendants, RVII and CEO Fund, have answered and remain in the case. The Defendants

25   subject to this motion are all Class B Limited Partners, whose liability for breach of contract is

26   predicated on failure by the Class A Limited Partners to make their required capital contributions. *See*

27   FAC, Ex. B § 5.02. In their Answer, the RVII and CEO Fund both denied Plaintiff's allegations as to

28   their failure to make their required capital contributions. Amended Answer to Amended Complaint

1   for Breach of Contract by CEO Fund, RVII, and SBIC Partners (Dkt. No. 53), ¶¶ 66-67, 79-80, 85-86.

2   Plaintiff has put forward no argument that a finding of liability against the Defendants herein can be

3   sustained if RVII and CEO Fund are ultimately found not liable.  Plaintiff asserts that entry of default

4   against Defendants is appropriate because each defendant separately breached the contract.  But the

5   defaulting defendants' performance was not triggered absent breach by RVII and CEO Fund, who

6   remain in the case.  Plaintiff's argument must be rejected.

7        Second, several Class B Limited Partners have answered and remain in the case.  Although the

8   answering Class B Limited Partners may raise purely individual defenses, such as defects in contract

9   formation, they may also raise defenses as to whether the contractual obligations of all Class B

10  Limited Partners were triggered.  A finding of non-liability on one of the latter defenses would be

11  necessarily apply to all Class B Limited Partners, including Defendants in this motion.

12       Accordingly, under these circumstances, the Court concludes that there is "just reason for

13  delay" of entry of judgment as to each Defendant in the present Motions under Rule 54(b).  The Court

14  RECOMMENDS that Plaintiff's Motions for Default Judgment be DENIED WITHOUT

15  PREJUDICE to renewal at the conclusion of the case on the merits.

16  **IV.      CONCLUSION**

17       For the reasons stated above, the Court RECOMMENDS that the Motions for Default

18  Judgment be DENIED WITHOUT PREJUDICE.

19       IT IS SO ORDERED.

20  Dated: April 16, 2013

21

22

23  _____

24  JOSEPH C. SPERO
    United States Magistrate Judge

25

26

27

28

*United States District Court*
*Northern District of California*

25