**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION, in its capacity as Receiver for Rocket Ventures II SMIC, L.P., | No. C 10-04425 JSW |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| ROCKET VENTURES II, L.P., et al., | |
| Defendants. | |

Now before the Court is the *ex parte* application for a temporary restraining order ("TRO") filed by the United States Small Business Administration ("SBA") to enjoin Defendants from transferring, dissipating, moving or encumbering their assets pending the trial. In order to obtain a TRO or preliminary injunctive relief, Plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). An *ex*

1 *parte* application for a TRO may only be granted if "specific facts in an affidavit or a verified
2 complaint clearly show that immediate and irreparable injury, loss, or damage will result to the
3 movant before the adverse party can be heard in opposition." Fed. R. Civ. Proc. 65(b)(1)(A).

4   SBA fails to meet this standard. Although the Court finds that SBA may be able to
5 demonstrate a likelihood of success on the merits, SBA has not demonstrated that the
6 Defendants' assets are imminently at risk of being transferred, dissipated, moved or
7 encumbered. Accordingly, it has not shown that it would suffer irreparable injury that would
8 warrant a TRO. Therefore, the Court HEREBY DENIES SBA's *ex parte* application for a
9 TRO.

10   However, this Order is without prejudice to SBA filing a motion for a preliminary
11 injunction. The Court notes that SBA will need to make a stronger showing of imminent
12 irreparable harm if it intends to move for a preliminary injunction. SBA asserts that Rocket
13 Ventures II, L.P. ("RVII") is the only defendant with any assets and that the one remaining
14 active and ongoing investment of RVII, Activa, was sold "in or around December 2013."
15 (Declaration of Richard Moser.) Mr. Moser declares that "In or around December 2013, it has
16 come to the Receiver's attention that Activa was acquired, sold or otherwise liquidated.
17 Consequently, RVII has received cash in the amount of approximately $1.4 million, following
18 liquidation of its equity ownership in Activa stock." (*Id*., ¶ 19.) He further states that "the Receiver
19 understands that RVII currently maintains a cash balance of approximately $300,000." (*Id*., ¶ 20.)
20 That is all of the evidence SBA submits regarding the assets that are purportedly at risk. SBA
21 does not proffer any facts that would substantiate a reasonable concern that RVII will transfer,
22 dissipate, move or encumber its assets before the trial. Nor it is clear why SBA waited until
23 April to move for a TRO when it discovered at some point in December of 2013 that Activa was
24 sold.

25   In light of the Court's schedule and the upcoming trial, the Court will set an expedited
26 schedule on a motion for a preliminary injunction. Any motion for a preliminary injunction
27 shall be filed by no later than April 7, 2014. Defendants' opposition shall be filed by no later
28 than 10:00 a.m. on April 14, 2014. SBA's reply, if any, shall be filed by no later than 10:00

2

a.m. on April 17, 2014. If SBA files a motion for a preliminary injunction, the hearing for such motion will be held at 9:00 a.m. on April 25, 2014.

**IT IS SO ORDERED.**

Dated: April 2, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case 4:10-cv-04425-JSW   Document 175   Filed 04/02/14   Page 4 of 4